IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02249-MJW-CBS

RAE ANN MARTIN,

       Plaintiff,

v.

ARCHLAND PROPERTY I, LLC, CLARA CORPORATION,
MCDONALD'S CORPORATION, and SANDOVAL FAMILY
PARTNERS, LLLP, successor to SANDOVAL FAMILY PARTNERS, LP,

       Defendants.

## STIPULATED PROTECTIVE ORDER

It being represented to the Court that the plaintiff, Rae Ann Martin, has requested documents from the Defendants, which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Defendants; and

It being represented to the Court that Defendants are willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby STIPULATED that:

1. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. Defendants will disclose documents that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

3. Any and all of the aforesaid materials disclosed by Defendants and the contents thereof shall be reviewed by an attorney prior to being designated "Confidential and Proprietary", and the designation of "Confidential and Proprietary" will be based on a good faith belief that the information is confidential or otherwise entitled to protection.

4. Any and all of the aforesaid materials disclosed by Defendants and the contents thereof shall be maintained in confidence by counsel for the plaintiff and counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Defendants or until further order of this Court.

5. Any and all of the aforesaid materials disclosed by Defendants and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

6.  No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

7.  Counsel for plaintiff and counsel for the other parties to the above-captioned litigation may permit an expert or experts hired by the plaintiff or other parties in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for the plaintiff and counsel for the other parties must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to Defendants within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below.

8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

[handwritten: MJW 6/26/07]

[handwritten: Consistent with D.C.Colo.LCivR 7.2 and 7.3]

CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Notwithstanding the foregoing provisions, this Stipulated Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

10. Notwithstanding the foregoing provisions, this Stipulated Protective Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action, or during depositions for this action, or in motions for this action, or in witness preparations for this action, any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

11. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all materials provided pursuant to this Stipulated Protective Order, including any and all copies, or renditions made from the materials, shall be returned to Defendants within thirty (30) days.

12. A breach of the terms of this Order shall entitle Defendants to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

Signed this 25th day of June, 2007

Agreed as to the terms and conditions:

s/ Joseph Elio
Joseph Elio, Esq.
Attorney for Plaintiff


s/ Jonathan S. Robbins
Jonathan S. Robbins, Esq.
Attorney for Defendants